YELVERTON, Judge.
This is an appeal by the mother from a child custody award. We affirm.
On January 15, 1980, a separation decree based on mutual fault of the parties was rendered and a final divorce was granted on February 26, 1981. In both judgments the wife was awarded custody of the minor children of the marriage, DeNae Lynn and Jeffery Lee (now ages 16 and 12 years, respectively), with $400 as monthly child support, subject to reasonable visitation by the father.
In June, 1985, judgment was rendered awarding joint custody to the parents with Mr. Goodman to have actual physical custody, subject to specific visitation rights on the part of Mrs. Goodman. The latter also got judgment for the delinquent $400 July, 1985 support payment but such support was terminated thereafter. Mrs. Goodman has appealed.
The trial judge, after hearing the evidence and talking privately with the children, found that both parents had “flawed moral characters” and that there was no reason to believe that the morals of one of them were any better than the other. Although Mr. Goodman is a truck driver and is away from home five and a half days a week, his mother, who the judge said “is the only morally straight adult in the picture in this case”, lives next door. Under the joint custody decree she would assist Mr. Goodman in providing the children with the necessary supervision and guidance insofar as their physical needs and spiritual life are concerned.
In Everett v. Everett, 433 So.2d 705 (La.1983), our Supreme Court said:
“The best interest of the child is the sole criterion in a change of custody case. La.Civ.Code arts. 157A and 146E; Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). Stability and continuity must be considered in determining what is in the best interest of the child. Johnston v. McCullough, 410 So.2d 1105 (La.1982); Bordelon v. Bordelon, supra. Upon appellate review, the determination of the trial judge is entitled to great weight and will not be disturbed unless a clear showing of abuse of discretion is made.”
We have carefully reviewed the record and find that it supports the trial judge’s determination that the best interest of the children will be served by the custody decree which he issued. Certainly it will provide continuing stability in their future lives which heretofore has been lacking. We are unable to find that the judge abused his discretion in this case. Therefore, the judgment of the district court is affirmed at appellant’s cost.
Annexed hereto as an appendix is a copy of the trial judge’s reasons for judgment, which we approve.
AFFIRMED.
APPENDIX
Bennie T. Goodman and Diana Sue Kil-mer Goodman were married in Glendale, California, and lived there for several years. They subsequently established their matrimonial domicile in Sabine Parish. Two children were born of this marriage, namely, DeNae Lynn Goodman, who is now 15 years of age, but who will be 16 in September, and Jeffrey Lee Goodman, now 11 years of age.
Mr. and Mrs. Goodman separated on September 16, 1979, and were ultimately divorced on February 26, 1981, following moderately extensive litigation. In this divorce proceeding the custody of the children was awarded to Mrs. Goodman, subject to reasonable visitation rights in favor of Mr. Goodman. In this judgment Mr. Goodman was ordered to pay to Diana Sue Kilmer Goodman the sum of $400.00 per month as child support.
*1333 Mr. Goodman, after having obtained the custody of his two children through what the court perceives as deceit and trickery, on Sunday, June 2, 1985, filed a rule for change of custody on Monday, June 3, 1985, making vague, general allegations that the mother had “no steady job”, had “moved several times in the last few years”, and allowed her children “to do as they pleased without any real control and guidance”, etc. He further alleges that they need to be in a place of “proper upbringing to see that the proper morals are taught and practiced by those in control of the children”.
By representing to the Court that he presently had the physical custody of said children, but without disclosing how he obtained custody, he obtained an order granting him temporary custody until the rule could be heard.
The rule was heard on June 25, 1985.
The evidence went far beyond the pleadings and was quite revealing.
It established that both parents have flawed moral characters.
The mother acknowledged to drinking alcoholic beverages to excess, and “occasionally” to the point of intoxication, to the knowledge of her children, and that she frequently entertained a male friend in her home, often times overnight, on which occasions he slept with her, often at times when the children were present in the home. This male friend was married to and living with his wife in Lake Charles, Louisiana, and the wife, according to Mrs. Goodman, knew of these adulterous liaisons of her husband with Mrs. Goodman.
It is also established that Mr. Goodman had known of his former wife’s relationship with this male friend, Chester Rogers, owner of two lounges in Lake Charles, for several years, and has now decided to use it as a ground for seeking custody of his children.
The Court, in talking with the children, in chambers, learned that during school terms on each school day, the children returned to their Lake Charles home, the younger arriving first, about 3:00 P.M., and the girl a little later, and both were unattended during this period until their mother came from work about 5:30 — 6:00 P.M.
The father is a truck driver, and at best is home on Saturday and Sunday of each week. He testified he averaged 5Vk days per week on the road. He would depend on his mother to come to his home and look after the children during his absence, which would be a minimum of 5½/7⅛8 of the time.
Mr. Goodman admits to drinking to the point of intoxication on occasion. The Court was also interested to note that on on occasion while Mr. Goodman and his wife were living together, Mr. Goodman proposed to his wife that they engage in a “wife swap” with another couple they were associating with, and Mrs. Goodman refused to do this. A man who proposes this type of conduct is scarcely in a position to point a self-righteous finger at the conduct of his wife.
From the evidence there is no reason for the Court to believe that the morals of Mr. Bennie Goodman are any better than those of Mrs. Diana Goodman. However, there is no evidence of Mr. Goodman’s negative conduct being within the knowledge of and/or in the presence of the children, whereas the contrary is true in the situation regarding Mrs. Goodman. Also, Mr. Bennie Goodman has a good mother, who appears to be in good health, who will have what the Court believes to be a stable, moral influence on the children if afforded the opportunity.
The evidence established that Mrs. Goodman has had a hard time making a living following her separation from her husband, and in doing so has moved about a number of times, in order to keep employment.
To Mr. Goodman’s credit he had regularly paid Mrs. Goodman the child support he was ordered to pay, and, on occasion has paid more than he was required to, although he had not made his July, 1985 payment.
*1334 It is to Mr. Goodman’s discredit that he used what the Court perceives to be a dishonest method to obtain the custody of the children at the time he filed this rule, having led his wife to believe he wanted the children for visitation purposes only.
The Court is well acquainted with Mrs. Elbe Goodman, who is the grandmother of the children. She is the only morally straight adult in the picture in this case, and, if Mr. Goodman had the “legal custody” of the children she would assist a great deal in supervising the children, provide guidance in their spiritual life, provide for their physical needs, and see that they get to school.
Considering the factual situation in its entirety it is the opinion of the Court that the best interests of the children would be served by awarding the custody jointly to the father and mother, with actual physical custody being awarded to the father, subject to reasonable visitation privileges to the mother, which privileges should include at least one month in the summer, reasonable weekend visits, and alternate major holidays, provided further that during these visitation periods the mother refrain from partaking of alcoholic beverages and entertaining adult, male friends in the home.
Mrs. Goodman is entitled to the July, 1985, support payment.
Mr. Goodman is cast for all costs.
The judgment being rendered with this opinion is to be effective August 1, 1985.
Many, Sabine Parish, Louisiana, this 23rd day of July, 1985.
/s/ John S. Pickett, Jr. JUDGE